UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PHYLLIS A. ASHER,

     Claimant,

v.                                    Case No. 8:26-cv-00895-WFJ-LSG

MORNING LAW GROUP, P.C.,

     Respondent.

_____/

## ANSWER TO COMPLAINT

Defendant, MORNING LAW GROUP, P.C. ("Defendant" or "MLG"), by and through its undersigned counsel, hereby responds to the Complaint filed by Phyllis A. Asher ("Plaintiff" or "Claimant") as follows. Any allegation not expressly admitted herein is denied. Defendant reserves the right to amend this Answer and to assert additional defenses as warranted by further investigation and discovery.

## NATURE OF ACTION

1.     Defendant denies the allegations contained in Paragraph 1 of the Complaint, including any characterization of Defendant's conduct as violative of the Credit Repair Organizations Act, the Florida Credit Services Organization Act,

1

the Florida Deceptive and Unfair Trade Practices Act, or any other statute or common law cause of action alleged therein.

## JURISDICTION AND VENUE

2.      Admitted.

3.      Admitted.

4.      Defendant lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 4 and therefore denies the same.

## PARTIES

5.      Defendant admits that Plaintiff is a natural person.  Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 5 and therefore denies the same.

6.      Defendant admits that it is a law firm that provides legal services. Defendant denies the remaining allegations in Paragraph 6.

## FACTUAL ALLEGATIONS

7.      Defendant lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 7 and therefore denies the same.

8.      Defendant denies the allegations of Paragraph 8.

9.      Defendant denies the allegations of Paragraph 9.

10.     Defendant denies the allegations of Paragraph 10.

11.     Defendant admits Plaintiff entered into a Legal Services Agreement with Defendant on or around October 11, 2024. Defendant denies the remaining allegations in Paragraph 11.

12.     Defendant admits Plaintiff enrolled accounts with a total debt balance of approximately $23,545.

13.     Defendant admits that pursuant to the Legal Services Agreement, Plaintiff agreed to make monthly payments of $250.00, as set forth in Schedule 2 of the Agreement.  Defendant clarifies that these payments constituted legal fees and administrative service fees, not funds to be used toward settling Plaintiff's debts.

14.     Defendant lacks sufficient knowledge or information to admit or deny whether Claimant made all payments in a timely manner and therefore denies the same.

15.     Defendant denies the allegations of Paragraph 15 to the extent they mischaracterize the nature of Defendant's communications with Claimant.

16.     Defendant denies the allegations of Paragraph 16.  The Legal Services Agreement expressly provides that Defendant does not guarantee any outcome.

17.     Defendant denies the allegations of Paragraph 17 and further avers that Defendant's services under the Legal Services Agreement do not include credit repair or credit score improvement services.

18.    Defendant denies the allegations of Paragraph 18.  The Legal Services Agreement does not provide for debt settlement services or for the removal of settled accounts from consumer credit reports.

19.    Defendant denies the allegations of Paragraph 19.

20.    Defendant denies the allegations of Paragraph 20.

21.    Defendant denies the allegations of Paragraph 21.

22.    Defendant denies the allegations of Paragraph 22.

23.    Defendant denies the allegations of Paragraph 23.

24.    Defendant denies the allegations of Paragraph 24.

25.    Defendant denies the allegations of Paragraph 25.  Defendant further avers that the Legal Services Agreement clearly sets forth the fee structure, which distinguishes between legal fees paid to MLG and administrative fees paid to the Admin Provider, and that no portion of Plaintiff's payments was designated for settling Claimant's debts.

26.    Defendant denies the allegations of Paragraph 26.

27.    Defendant denies the allegations of Paragraph 27.

28.    Defendant denies the allegations of Paragraph 28, including that Claimant suffered any damages as a result of Defendant's conduct.

29.    Defendant denies the allegations of Paragraph 29.

## COUNT I — VIOLATIONS OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

30.    In response to Paragraph 30, Defendant incorporates by reference its responses to all preceding paragraphs as though fully set forth herein.

31.    Paragraph 31 contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies that its conduct constitutes "trade or commerce" subject to the FDUTPA in the manner alleged.

32.    Paragraph 32 is a statement of law to which no response is required. The statute speaks for itself.

33.    Paragraph 33 is a statement of law to which no response is required. The statute speaks for itself.

34.    Paragraph 34 is a statement of law to which no response is required. The statute speaks for itself.

35.    Defendant denies the allegations of Paragraph 35.

36.    Defendant denies the allegations of Paragraph 36.

37.    Defendant denies the allegations in Paragraph 37.

Defendant denies that Plaintiff is entitled to any of the relief requested in the "WHEREFORE" clause following Count I, including actual damages, punitive damages, attorneys' fees, and costs.

## COUNT II — BREACH OF CONTRACT

38.    In response to Paragraph 38, Defendant incorporates by reference its responses to all preceding paragraphs as though fully set forth herein.

39.    Defendant admits that a valid and enforceable contract exists between the parties, specifically the Legal Services Agreement dated October 11, 2024. Defendant denies the characterization of that contract as a contract for "debt settlement services."

40.    Paragraph 40 is a statement of law to which no response is required.

41.    Defendant denies the allegations of Paragraph 41.

42.    Defendant denies the allegations of Paragraph 42.

43.    Defendant denies that Plaintiff suffered any damages as a result of any alleged breach of contract.

Defendant denies that Plaintiff is entitled to any of the relief requested in the "WHEREFORE" clause following Count II, including actual damages, punitive damages, or any other relief.

## COUNT III — BREACH OF FIDUCIARY DUTY

44.    In response to Paragraph 44, Defendant incorporates by reference its responses to all preceding paragraphs as though fully set forth herein.

45.    Defendant denies the allegations of Paragraph 45.

46.    Defendant denies the allegations of Paragraph 46.

6

47.     Defendant denies the allegations of Paragraph 47. As set forth in the Legal Services Agreement, Claimant's monthly payments were for legal fees and administrative services, and no portion of those payments was designated to settle Plaintiff's debts.

48.     Defendant denies the allegations of Paragraph 48.

49.     Defendant denies that Plaintiff suffered any damages as a result of Defendant's conduct.

Defendant denies that Plaintiff is entitled to any of the relief requested in the "WHEREFORE" clause following Count III, including actual damages, punitive damages, attorneys' fees, and costs.

### COUNT IV — FRAUD

50.     In response to Paragraph 50, Defendant incorporates by reference its responses to all preceding paragraphs as though fully set forth herein.

51.     Paragraph 51 is a statement of law to which no response is required.

52.     Defendant denies the allegations of Paragraph 52.

53.     Defendant denies the allegations of Paragraph 53.

54.     Defendant denies the allegations of Paragraph 54.

55.     Defendant denies the allegations of Paragraph 55.

56.     Defendant denies the allegations of Paragraph 56.

Defendant denies that Plaintiff is entitled to any of the relief requested in the "WHEREFORE" clause following Count IV, including actual damages, punitive damages, attorneys' fees, and costs.

## COUNT V — NEGLIGENT MISREPRESENTATION

57. In response to Paragraph 57, Defendant incorporates by reference its responses to all preceding paragraphs as though fully set forth herein.

58. Paragraph 58 is a statement of law to which no response is required.

59. Defendant denies the allegations of Paragraph 59.

60. Defendant denies the allegations of Paragraph 60.

61. Defendant denies the allegations of Paragraph 61.

62. Defendant denies the allegations of Paragraph 62.

Defendant denies that Plaintiff is entitled to any of the relief requested in the "WHEREFORE" clause following Count V, including actual damages, punitive damages, attorneys' fees, and costs.

## COUNT VI — LEGAL MALPRACTICE

63. In response to Paragraph 63, Defendant incorporates by reference its responses to all preceding paragraphs as though fully set forth herein.

64. Paragraph 64 is a statement of law to which no response is required.

65. Defendant admits that Plaintiff entered into a Legal Services Agreement with Defendant on or about October 11, 2024 for legal representation

(*not* debt resolution services). Defendant otherwise denies the allegations in Paragraph 65.

66.     Defendant admits that it owed professional duties to Plaintiff arising from the Legal Services Agreement. Defendant otherwise denies the allegations in Paragraph 66.

67.     Defendant denies the allegations of Paragraph 67.

68.     Defendant denies the allegations of Paragraph 68.

69.     Defendant denies that Plaintiff suffered any damages as a result of any alleged legal malpractice.

Defendant denies that Plaintiff is entitled to any of the relief requested in the "WHEREFORE" clause following Count VI, including actual damages, punitive damages, or any other relief.

### COUNT VII — VIOLATIONS OF THE CREDIT REPAIR ORGANIZATIONS ACT

70.     In response to Paragraph 70, Defendant incorporates by reference its responses to all preceding paragraphs as though fully set forth herein.

71.     Paragraph 71 contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant lacks sufficient knowledge or information to admit or deny whether Plaintiff qualifies as a "consumer" under the CROA and therefore denies the same.

72.     Defendant denies the allegations of Paragraph 72.

9

73.    Paragraph 73 is a statement of law to which no response is required. The statute speaks for itself.

74.    Defendant denies the allegations of Paragraph 74.

75.    Paragraph 75 is a statement of law to which no response is required. The statute speaks for itself.

76.    Defendant denies the allegations of Paragraph 76.

77.    Paragraph 77 is a statement of law to which no response is required. The statute speaks for itself.

78.    Defendant denies the allegations of Paragraph 78.

79.    Defendant denies the allegations of Paragraph 79.

Defendant denies that Plaintiff is entitled to any of the relief requested in the "WHEREFORE" clause following Count VII, including declaratory relief, actual damages, punitive damages, attorneys' fees, and costs.

## COUNT VIII — VIOLATIONS OF THE FLORIDA CREDIT SERVICES ORGANIZATIONS ACT

80.    In response to Paragraph 80, Defendant incorporates by reference its responses to all preceding paragraphs as though fully set forth herein.

81.    Paragraph 81 contains a legal conclusion to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information to admit or deny whether Plaintiff qualifies as a "buyer" under the FCSOA and therefore denies the same.

10

82.    Defendant denies the allegations of Paragraph 82.

83.    Paragraph 83 is a statement of law to which no response is required. The statute speaks for itself.

84.    Paragraph 84 is a statement of law to which no response is required. The statute speaks for itself.

85.    Defendant denies the allegations of Paragraph 85.

86.    Defendant denies the allegations of Paragraph 86.

87.    Paragraph 87 is a statement of law to which no response is required. The statute speaks for itself.

88.    Defendant denies the allegations of Paragraph 88.

89.    Paragraph 89 is a statement of law to which no response is required. The statute speaks for itself.

90.    Defendant denies the allegations of Paragraph 90.

91.    Defendant denies the allegations of Paragraph 91.

Defendant denies that Plaintiff is entitled to any of the relief requested in the "WHEREFORE" clause following Count VIII, including declaratory relief, actual damages, punitive damages, attorneys' fees, and costs.

## AFFIRMATIVE DEFENSES

Without waiving its general denial or any other defense available to it, and without assuming the burden of proof on any issue upon which such burden rests with Plaintiff, MLG asserts the following affirmative defenses:

### First Affirmative Defense — Terms of the Agreement

Plaintiff's claims are barred, in whole or in part, by the express terms of the Legal Services Agreement, which clearly and conspicuously delineates the scope of Defendant's services and expressly excludes credit repair services, debt settlement services, and guarantees of any outcome.

### Second Affirmative Defense — Entire Agreement Clause

To the extent Plaintiff's claims rely on representations allegedly made outside of the Legal Services Agreement, such claims are barred by the Entire Agreement clause of the Agreement, which provides that nothing said to Plaintiff prior to signing the Agreement that relates in any way to Defendant's services shall become part of the Agreement unless written into the Agreement expressly.

### Third Affirmative Defense — Acknowledgment and Waiver

Plaintiff acknowledged and confirmed, upon signing the Legal Services Agreement, that Morning Law Group is a law firm providing legal services and is not a credit repair organization or a debt settlement company; that MLG has not instructed Plaintiff to breach any contract or stop making payments; that all fees

12

paid are for legal services and administrative services; that none of the fees are used to pay Plaintiff's debts; and that MLG cannot guarantee any outcome.

### Fourth Affirmative Defense — Statute of Limitations

The claims are barred by the applicable statute of limitations.

### Fifth Affirmative Defense — Comparative Fault and Failure to Mitigate

Plaintiff's damages, if any, were caused in whole or in part by Plaintiff's own actions, omissions, and failure to mitigate damages.

### Sixth Affirmative Defense — Reservation of Rights

Defendant reserves the right to assert additional affirmative defenses as discovery progresses and additional facts become known.

### PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully requests that this Court:

a.      Dismiss Plaintiff's Complaint in its entirety, with prejudice;

b.      Enter judgment in favor of Defendant on all counts;

c.      Award Defendant its costs and reasonable attorneys' fees incurred in defending this action;

d.      Award any other relief as this Court deems just and appropriate.

### DEMAND FOR JURY TRIAL

Defendant hereby demands a trial by jury on all issues so triable.

/s/ *P. Matthew Luka*
P. Matthew Luka
Florida Bar No. 555630
mluka@laurolawfirm.com
LAURO & SINGER
400 N. Tampa St., 15th Floor
Tampa, FL 33602
(813) 222-8990
mluka@laurosinger.com

*Attorney for Defendant*
*Morning Law Group*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of June 2026, I electronically filed

the foregoing document with the Clerk of Court using the CM/ECF system, which

will serve a notice of electronic filing on all counsel of record.

/s/ *P. Matthew Luka*
P. Matthew Luka, Esq.

14